## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

ROBERT WOOLCOCK                 CIVIL ACTION NO.:

       Plaintiff

       v.

CEDRIC GETER and CHRISTENSON      Date:  January 10, 2020
TRANSPORTATION, INC.

       Defendants

## NOTICE OF REMOVAL

To the Judges of the United States District Court for the District of Connecticut, the defendants, Cedric Geter and Christenson Transportation, Inc. (hereinafter "the Defendants"), hereby files this Notice of Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 and, in support thereof, respectfully states:

1.       On or about September 3, 2019, two copies of the Writ, Summons and Complaint was delivered by a marshal to the Commissioner of Motor Vehicles at 60 State Street, Wethersfield, CT. Also on September 3, 2019, the marshal mailed by certified mail return receipt requested one copy of the Writ, Summons and Complaint to Cedric Geter to 12260 Co Road, Rolla Missouri, 65401.  Also on September 3, 2019, the marshal mailed by certified mail return receipt requested one copy of the Writ, Summons and Complaint to Christenson Transportation Inc. c/o the Secretary to 2301 West Old Route 66, Strafford, Missouri, 65757.

The Complaint and Summons for this matter were filed on September 17, 2019 in the Superior Court for the Judicial District of Ansonia-Milford at Milford entitled: Robert Woolcock v. Cedric Geter and Christenson Transportation, Inc. with docket number AAN-CV19-6035323-S (hereinafter "State Action") returnable October 8, 2019. An Amended Complaint was filed on November 7, 2019.  Copies of the Summons, Complaint and Amended Complaint are attached as **Exhibit A**.

2.      There is one named plaintiff in the State Action.  In the Complaint, the plaintiff claims that on May 21, 2018, the plaintiff was operating his vehicle in a northerly direction at or near Exit 9 on Interstate 95 in Darien, Connecticut. Plaintiff further claims that the defendant, Geter, was negligent in the operation of the vehicle owned by Christensen Transportation, Inc. Plaintiff alleges that Geter's direct negligence and the Christensen's vicarious negligence were the proximate cause of his claimed injuries.

3.      At the time that this case entered suit, it appeared that Mr. Woolcock had completed medical treatment, and that the case did not have the value sufficient to claim diversity jurisdiction.

4.      Subsequent to the commencement of suit, counsel for the defendants served written discovery upon the plaintiff, who provided responses on December 12, 2019.   On December 12, 2019, counsel for the defendant learned that the plaintiff intended to have a causally linked hernia repair surgery in January of 2020, which substantially increased the

potential value of the case.  At that time, counsel for the plaintiff indicated that he could not make a demand in the case due to the pending surgery and uncertain outcome.

     5.    Removal is property as this action involves citizens of different states.  At all times relevant, the Plaintiff was a resident of the state of Connecticut.  (See Exhibit A, Summons and Complaint).

     4.    Defendant, Cedric Geter is a resident of Missouri.  Christenson Transportation, Inc. is incorporated in Missouri.  Morrison Mahoney, LLP has filed an appearance through Attorneys Gina M. Hall and Eric B. Caines on behalf of the Defendants in the State Action, a copy of which is attached hereto as **Exhibit B**.

     5.    Upon information and belief, based on the allegations in the Plaintiff's Complaint, and the new information learned through written discovery on December 12, 2019, the amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  Plaintiff is claiming injury to his neck and back and the development of a hernia at a prior surgical site, requiring, *inter alia*, emergent medical care, and a pending hernia repair surgery of unknown result.  He further claims permeant injuries resulting from the accident.

6.    The State Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and removal is proper as there is complete diversity because (1) the place of incorporation and principal place of business of the Defendant Christenson Transportation, Inc., is wholly diverse from the citizenship of the plaintiff; (2) the Defendant Cedric Geter is a

resident of Missouri, and as such there is diversity of citizenship between the plaintiff and said defendant as well; and (3) the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).  Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441 *et seq.*

7.      Pursuant to 28 U.S.C. § 1446(c)(3), this Notice of Removal is filed with this Court within thirty (30) days after receipt by the Defendant of written discovery responses and an undefined demand as other paper received in the case.  This Notice of Removal is being filed within 30 days of the date that the written discovery and first notice of a causally linked surgery have been received..

8.      The Defendant has complied with the procedural requirements for removal as set forth in 28 U.S.C. § 1446.

9.      The Superior Court for the Judicial District of Ansonia-Milford at Milford is located within the District of Connecticut, and, therefore, venue is proper pursuant to 28 U.S.C. § 86, because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). All defendants who have been served with the summons consent to removal to federal court.

10.     A copy of the written notice required by 28 U.S.C. § 1446(d) is attached hereto as Exhibit C.

WHEREFORE, the Defendant respectfully removes this action from the Superior Court of Connecticut, Judicial District of Ansonia-Milford at Milford, to this Court pursuant to 28 U.S.C. § 1332 and U.S.C. § 1441.

THE DEFENDANTS,
CEDRIC GETER and CHRISTENSON
TRANSPORTATION, INC.

BY:   */s/ Gina M. Hall*
Gina M. Hall
ct26885
E-Mail: ghall@morrisonmahoney.com
Eric B. Caines
ct30049
E-Mail: ecaines@morrisonmahoney.com
Morrison Mahoney LLP
1 Constitution Plaza, 10th Floor
Hartford, CT  06103
Telephone: (860) 616-4441

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on January 10, 2020 a copy of the foregoing Notice of Removal was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Antonio Nunes, Esquire
Trantolo & Trantolo, LLC
944 Fairfield Avenue
Bridgeport, CT 06605
*Counsel for Plaintiff*

/s/ Gina M. Hall
Gina M. Hall ct26885

EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | |
|---|---|---|---|
| 14 West River, P.O. Box 210, Milford 06460 | ( 203 )877-4293 | October Month | 08 , 2019 Day   Year |

| ☒ Judicial District | ☐ G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | | Milford | Major: V       Minor: 01 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Trantolo & Trantolo, LLC, 944 Fairfield Avenue, Bridgeport, CT 06605 | 438422 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 203 )  729-4555 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* |
|---|---|---|
| | | Antonion@trantololaw.com |

| Number of Plaintiffs: 1 | Number of Defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:   Woolcock, Robert<br>Address: 200 Elm, Street, Apt. 417, West Haven, CT 06516 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name:   Geter, Cedric<br>Address: 12260 Co Road, Rolla, MO 65401 | D-01 |
| Additional Defendant | Name:   Christenson Transportation, INC., 2301 West Old Route 66, Strafford, MO 65757<br>Address: Agent for Service: Donald E. Christenson , 2301 West Old Route 66, Strafford, MO 65757 | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Antonio Nunes | Date signed<br>08/29/2019 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

(Page 1 of 2)

| RETURN DATE: OCTOBER 8, 2019 | : | SUPERIOR COURT |
| ROBERT WOOLCOCK | : | J.D. OF ANSONIA - MILFORD |
| V. | : | AT MILFORD |
| CEDRIC GETER, ET AL., ET AL. | : | AUGUST 29, 2019 |

## COMPLAINT

### FIRST COUNT: NEGLIGENCE AS TO THE DEFENDANT, CEDRIC GETER

1.  On or about May 21, 2018, at approximately 12:25 PM, the plaintiff, Robert Woolcock, was the operator of a motor vehicle, which was traveling in a generally northerly direction, at or near Exit 9 on Interstate 95, a public highway in the Town of Darien, State of Connecticut.

2.  On said date and at said time and place, the defendant, Cedric Geter, was operating a commercial truck owned by the defendant, Christenson Transportation Inc., as its agent, servant, and/or employee within the meaning of C.G.S. §52-183; and/or as a family car within the meaning of C.G.S. §52-182 and/or as a permissive user, in a generally northerly direction on Interstate 95, at or near Exit 9, and to the rear of the plaintiff.

3.  On said date and at said time and place, the defendant's truck struck the rear of the plaintiff's motor vehicle, causing the plaintiff the injuries, damages, and losses as more particularly set forth hereinafter.

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT 06106
(860) 522-9248

130A Scott Road
Waterbury, CT 06705
(203) 753-4100

4.      The collision and the resulting injuries, damages, and losses sustained by the

plaintiff were caused by the negligence and carelessness of the defendant in one or more of

the following ways:

> a.      IN THAT the defendant was inattentive and failed to keep a reasonable and proper lookout;
>
> b.      IN THAT the defendant failed to have his truck under proper and reasonable control;
>
> c.      IN THAT the defendant operated his truck at a greater rate of speed than the circumstances then and there existing warranted and/or failed to reduce the speed of his motor vehicle although reasonable care so required;
>
> d.      IN THAT the defendant operated his truck with defective or inadequate brakes or failed to apply the brakes in a timely manner;
>
> e.      IN THAT the defendant failed to avoid a collision by stopping, swerving, turning or otherwise maneuvering the truck;
>
> f.      IN THAT although it was practicable to do so, the defendant failed to bring his truck to a stop or turn said motor vehicle to the left or to the right to avoid a collision;
>
> g.      IN THAT the defendant failed to make use of his senses and faculties;
>
> h.      IN THAT the defendant failed to take reasonable precautions to avoid a collision;
>
> i.      IN THAT the defendant failed to sound the horn or give any warning of his approach when reasonable care so required;
>
> j.      IN THAT the defendant was following the plaintiff more closely than reasonable under the circumstances;
>
> k.      IN THAT the truck operated his truck while distracted;

l.    IN THAT the defendant operated the truck on said highway at a rate of speed greater than was reasonable, having regard to the width, traffic, use of the highway and weather conditions, in violation of C.G.S. §14-218a;

m.    IN THAT the defendant was speeding in violation of C.G.S. §14-219;

n.    IN THAT the defendant was following the vehicle occupied by the plaintiff more closely than was reasonable and prudent having regard for the speed of such vehicles, the traffic upon and condition of the highway or roadway and weather conditions, in violation of C.G.S. §14-240(d);

o.    IN THAT the defendant was following the vehicle occupied by the plaintiff more closely than was reasonable and prudent having regard for the speed of such vehicles, the traffic upon and condition of the highway or roadway and weather conditions with intent to harass or intimidate, in violation of C.G.S. §14-240a;

p.    IN THAT the defendant operated the motor vehicle upon the highway while using a hand-held mobile telephone to engage in a call or while using a mobile electronic device while the vehicle was in motion in violation of C.G.S. §14-296aa(b); and

q.    IN THAT the defendant operated his motor vehicle upon the highway while engaged in other activities not related to the actual operation of his motor vehicle that interfered with his safe operation of the motor vehicle in violation of C.G.S. 14-296aa(f).

5.    As a result of the collision, the plaintiff sustained injuries of a severe and

permanent nature and as a result of these injuries, the plaintiff has suffered and with

reasonable certainty will continue to suffer pain and mental anguish. Upon medical

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT 06106
(860) 522-9248

130A Scott Road
Waterbury, CT 06705
(203) 753-4100

examination, it was determined that the plaintiff suffered from a hernia and injuries to his back, neck and such other injuries as are yet unknown.

6. From all of the injuries of the effects thereof, the plaintiff was rendered sore and disabled and is suffering, and will continue to suffer from pain, discomfort, emotional upset, limitation of motion and restriction of activity.

7. The plaintiff's injuries, or some of them, will be permanent in nature and/or permanently disabling.

8. As a further result of the collision, the plaintiff was forced to incur expenses for medical care and attention, x-rays, pharmaceuticals, etc. to the plaintiff's further loss and damage and it is reasonably probable that the plaintiff's injuries, or some of them, will require future medical treatment and expenditures.

9. As a further result of the collision, the plaintiff has lost sums of money and wages, salaries and earnings, and it is reasonably probable that the plaintiff will lose wages from employment in the future and that the plaintiff's future earning capacity will be impaired.

10. As a further result of the collision, the plaintiff's ability to pursue and enjoy life's activities has been reduced.

## SECOND COUNT: NEGLIGENCE AS TO THE DEFENDANT, CHRISTENSON TRANSPORTATION, INC.

1-10. Paragraphs 1 through 10 of the First Count are hereby incorporated as Paragraphs 1 through 10 of this, the Second Count, as if fully set forth herein.

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT 06106
(860) 522-9248

130A Scott Road
Waterbury, CT 06705
(203) 753-4100

## THIRD COUNT: COMMON LAW RECKLESSNESS: AS TO THE DEFENDANT: CEDRIC GETER

1-3.    Paragraphs 1 through 3 of the First Count are hereby incorporated as

Paragraphs 1 through 3 of this, the Third Count, as if fully set forth herein.

4.    The collision and the resulting injuries, damages, and losses sustained by the

plaintiff were caused by the reckless misconduct of the defendant in that the defendant knew

or should have known that the defendant's conduct in following another motor vehicle too

closely while operating a commercial truck directly behind such motor vehicle would result in

a high degree of risk of serious harm and despite knowledge of that risk and the harm that

would result from such conduct, acted recklessly in one or more of the following respects:

- a.    IN THAT the defendant was inattentive and failed to keep a reasonable and proper lookout;

- b.    IN THAT the defendant failed to have his truck under proper and reasonable control;

- c.    IN THAT the defendant operated his truck at a greater rate of speed than the circumstances then and there existing warranted and/or failed to reduce the speed of her motor vehicle although reasonable care so required;

- d.    IN THAT the defendant operated his truck with defective or inadequate brakes or failed to apply the brakes in a timely manner;

- e.    IN THAT the defendant failed to avoid a collision by stopping, swerving, turning or otherwise maneuvering the vehicle;

- f.    IN THAT although it was practicable to do so, the defendant failed to bring his motor vehicle to a stop or turn said motor vehicle to the left or to the right to avoid a collision;

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT 06106
(860) 522-9248

130A Scott Road
Waterbury, CT 06705
(203) 753-4100

g.     IN THAT the defendant failed to make use of his senses and faculties;

h.     IN THAT the defendant failed to take reasonable precautions to avoid a collision;

i.     IN THAT the defendant failed to sound the horn or give any warning of his approach when reasonable care so required;

p.     IN THAT the defendant was operating her motor vehicle while using a hand held mobile device while either engaged in a telephone call and/or reading and/or sending a text message and/or reading and/or sending an email and/or using the internet;

q.     IN THAT the defendant operated the truck recklessly;

r.     IN THAT the defendant operated his truck while distracted;

s.     IN THAT the defendant operated his truck on said highway at a rate of speed greater than was reasonable, having regard to the width, traffic, use of the highway and weather conditions, in violation of C.G.S. §14-218a;

t.     IN THAT the defendant was speeding in violation of C.G.S. §14-219;

u.     IN THAT the defendant operated the motor vehicle recklessly in violation of C.G.S. §14-222;

v.     IN THAT the defendant was following the vehicle occupied by the plaintiff more closely than was reasonable and prudent having regard for the speed of such vehicles, the traffic upon and condition of the highway or roadway and weather conditions, in violation of C.G.S. §14-240d;

w.     IN THAT the defendant was following the vehicle occupied by the plaintiff more closely than was reasonable and prudent having regard for the speed of such vehicles, the traffic upon and condition of the highway or roadway and

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT 06106
(860) 522-9248

130A Scott Road
Waterbury, CT 06705
(203) 753-4100

weather conditions with intent to harass or intimidate, in violation of C.G.S. §14-240a;

x.    IN THAT the defendant operated the truck upon the highway while using a hand-held mobile telephone to engage in a call or while using a mobile electronic device while the vehicle was in motion in violation of C.G.S. §14-296aa(b); and

y.    IN THAT the defendant operated his truck upon the highway while engaged in other activities not related to the actual operation of his motor vehicle that interfered with his safe operation of the motor vehicle in violation of C.G.S. 14-296aa(f).

5-10.    Paragraphs 5 through 10 of the First Count are hereby incorporated as Paragraphs 5 through 10 of this, the Third Count, as if fully set forth herein.

11.    As a further result of the wrongful conduct of the defendant, and as a further result of the reckless misconduct of said defendant, as aforesaid, the plaintiff has incurred and will incur in the future attorneys' fees and costs for the preparation and prosecution of legal proceedings.

FOURTH COUNT: STATUTORY RECKLESSNESS: AS TO THE DEFENDANT: CEDRIC GETER

1-3.    Paragraphs 1 through 3 of the First Count are hereby incorporated as Paragraphs 1 through 3 of this, the Fourth Count, as if fully set forth herein.

4.    The defendant deliberately or with reckless disregard operated a motor vehicle in violation of one or more of the following sections of C.G.S. §14-295 and such violation(s) was a substantial factor in causing the collision and the injuries, damages, and losses sustained by the plaintiff:

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT  06106
(860) 522-9248

130A Scott Road
Waterbury, CT  06705
(203) 753-4100

      a.     IN THAT the defendant violated C.G.S. §14-218a;

      b.     IN THAT the defendant violated C.G.S. §14-219;

      c.     IN THAT the defendant violated C.G.S. §14-222; and

      d.     IN THAT the defendant violated C.G.S. §14-240a.

      5-10.   Paragraphs 5 through 10 of the First Count are hereby incorporated as Paragraphs 5 through 10 of this, the Fourth Count, as if fully set forth herein.

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT 06106
(860) 522-9248

130A Scott Road
Waterbury, CT 06705
(203) 753-4100

WHEREFORE THE PLAINTIFF CLAIMS:

A.     MONETARY DAMAGES;

B.     PUNITIVE DAMAGES, ATTORNEYS' FEES AND COSTS
       OF LITIGATION AS TO COUNT THREE;

C.     DOUBLE OR TREBLE DAMAGES PURSUANT TO
       C.G.S. §14-295 AS TO COUNT FOUR; AND

D.     SUCH FURTHER RELIEF AS THE COURT MAY DEEM JUST
       AND REASONABLE.

Dated in Hartford, Connecticut, this 29th day of August, 2019.

_____
                    Antonio A. Nunes
                    Trantolo & Trantolo, LLC
                    Juris Number: 438422

Please enter the appearance of:
Trantolo & Trantolo, LLC

_____
Antonio A. Nunes
Commissioner of the Superior Court

as attorneys for the plaintiff in the above matter.

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street                          130A Scott Road
Hartford, CT 06106                   Waterbury, CT 06705
(860) 522-9248                          (203) 753-4100

RETURN DATE: OCTOBER 8, 2019       :    SUPERIOR COURT

ROBERT WOOLCOCK                    :    J.D. OF ANSONIA -
                                        MILFORD

V.                                 :    AT MILFORD

CEDRIC GETER, ET AL., ET AL.       :    AUGUST 29, 2019

### STATEMENT OF AMOUNT IN DEMAND

The amount in demand is more than $15,000.00, exclusive of interest and costs.

---

Antonio A. Nunes
Trantolo & Trantolo, LLC
Juris Number: 064310

DOCKET NO.: AAN-CV19-6035323-S : SUPERIOR COURT

ROBERT WOOLCOCK : J.D. OF ANSONIA -
MILFORD

V. : AT MILFORD

CEDRIC GETER, ET AL., ET AL. : NOVEMBER 7, 2019

## AMENDMENT  AS OF RIGHT BY THE PLAINTIFF

Pursuant to Practice Book §10-59, the Plaintiff as of by right shall move the court

to allow an amended complaint to be submitted.  Attached is an amended complaint.

THE PLAINTIFF,

BY: #438422
Antonio A. Nunes, Esq.
Trantolo & Trantolo, LLC

CERTIFICATION

This is to certify that all personal identifying information was redacted pursuant to

Practice Book Section 4-7.  This will further certify the foregoing was mailed via U.S.

mail to all counsel and self-represented parties of record, postage pre-paid or

electronically delivered pursuant to Practice Book Section 10-14 on this 7th day of

November, 2019.


Gina Marie Hall, Esq.
Morrison Mahoney LLP
1 Constitution Plaza, 10th Floor
Hartford, CT 06103
ghall@morrisonmahoney.com


BY:  #438422
Antonio A. Nunes, Esq.
Commissioner of the Superior Court

| | | |
|---|---|---|
| DOCKET NO.: AAN-CV19-6035323-S | : | SUPERIOR COURT |
| ROBERT WOOLCOCK | : | J.D. OF ANSONIA - MILFORD |
| V. | : | AT MILFORD |
| CEDRIC GETER, ET AL., ET AL. | : | NOVEMBER 7, 2019 |

## AMENDED COMPLAINT

FIRST COUNT: NEGLIGENCE AS TO THE DEFENDANT, CEDRIC GETER

1.     On or about May 21, 2018, at approximately 12:25 PM, the plaintiff, Robert Woolcock, was the operator of a motor vehicle, which was traveling in a generally northerly direction, at or near Exit 9 on Interstate 95, a public highway in the Town of Darien, State of Connecticut.

2.     On said date and at said time and place, the defendant, Cedric Geter, was operating a commercial truck owned by the defendant, Christenson Transportation Inc., as its agent, servant, and/or employee within the meaning of C.G.S. §52-183; and/or as a family car within the meaning of C.G.S. §52-182 and/or as a permissive user, in a generally northerly direction on Interstate 95, at or near Exit 9, and to the rear of the plaintiff.

3.     At all times relevant hereto, the truck being operated by the defendant Cedric Geter and owned by Christenson Transportation Inc., was a "commercial motor vehicle" with gross weight in excess 26,001 pounds, as defined in C.G.S § 14-1(1)(13) and 49 C.F.R. S 383.5 and accordingly subject to the Federal Motor Carrier Safety Regulations, 49 C.F.R.

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT  06106
(860) 522-9248

130A Scott Road
Waterbury, CT  06705
(203) 753-4100

Parts 325-399 ("FMCSR"), including those FMCSR provisions adopted by the Connecticut Department of Motor Vehicles under Connecticut State Agency Regulations § 14-163c-1.

4.　　On said date and at said time and place, the defendant's truck struck the rear of the plaintiff's motor vehicle, causing the plaintiff the injuries, damages, and losses as more particularly set forth hereinafter.

5.　　The collision and the resulting injuries, damages, and losses sustained by the plaintiff were caused by the negligence and carelessness of the defendant in one or more of the following ways:

a.　IN THAT the defendant was inattentive and failed to keep a reasonable and proper lookout;

b.　IN THAT the defendant failed to have his truck under proper and reasonable control;

c.　IN THAT the defendant operated his truck at a greater rate of speed than the circumstances then and there existing warranted and/or failed to reduce the speed of his motor vehicle although reasonable care so required;

d.　IN THAT the defendant operated his truck with defective or inadequate brakes or failed to apply the brakes in a timely manner;

e.　IN THAT the defendant failed to avoid a collision by stopping, swerving, turning or otherwise maneuvering the truck;

f.　IN THAT although it was practicable to do so, the defendant failed to bring his truck to a stop or turn said motor vehicle to the left or to the right to avoid a collision;

g.　IN THAT the defendant failed to make use of his senses and faculties;

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT  06106
(860) 522-9248

130A Scott Road
Waterbury, CT  06705
(203) 753-4100

h.    IN THAT the defendant failed to take reasonable precautions to avoid a collision;

i.    IN THAT the defendant failed to sound the horn or give any warning of his approach when reasonable care so required;

j.    IN THAT the defendant failed to maintain a proper lane;

k.    IN THAT the defendant was following the plaintiff more closely than reasonable under the circumstances;

l.    IN THAT the truck operated his truck while distracted;

m.    IN THAT the defendant operated the truck on said highway at a rate of speed greater than was reasonable, having regard to the width, traffic, use of the highway and weather conditions, in violation of C.G.S. §14-218a;

n.    IN THAT the defendant was speeding in violation of C.G.S. §14-219;

o.    IN THAT the defendant operated his truck when it was not equipped with brakes adequate to bring it to a controlled stop within the distance and under conditions prescribed in C.G.S § 14-80hm, et seq. and 14-81;

p.    IN THAT he operated his truck on the day in question without conducting a proper inspection of the truck, in violation of 49 C.F.R. §§ 390, 392, 393 and/or 396;

q.    IN THAT he failed failed to properly repair and maintain the truck he was operating in proper working order, in violation of 49 C.F.R. §§ 390, 393 and/or 396;

r.    IN THAT he operated his truck with unsafe tires in violation of C.G.S. S 14-98a;

s.    IN THAT he reported for duty and operated his truck while he was not qualified to do so, in violation of 49 C.F.R. S 383.51 et seq;

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT 06106
(860) 522-9248

130A Scott Road
Waterbury, CT 06705
(203) 753-4100

t.     IN THAT he operated his truck with insufficient brakes when it was unsafe to do so, in violation of 49 C.F.R. S 393 and 396.7 et seq;

u.     IN THAT he operated his truck while his ability to remain alert was impaired, in violation of 49 C.F.R. S 392.3 et seq;

v.     IN THAT the defendant failed to maintain a proper lane in violation of C.G.S. §14-236;

w.     IN THAT the defendant was following the vehicle occupied by the plaintiff more closely than was reasonable and prudent having regard for the speed of such vehicles, the traffic upon and condition of the highway or roadway and weather conditions, in violation of C.G.S. §14-240(d);

x.     IN THAT the defendant was following the vehicle occupied by the plaintiff more closely than was reasonable and prudent having regard for the speed of such vehicles, the traffic upon and condition of the highway or roadway and weather conditions with intent to harass or intimidate, in violation of C.G.S. §14-240a;

y.     IN THAT the defendant operated the motor vehicle upon the highway while using a hand-held mobile telephone to engage in a call or while using a mobile electronic device while the vehicle was in motion in violation of C.G.S. §14-296aa(b); and

z.     IN THAT the defendant operated his motor vehicle upon the highway while engaged in other activities not related to the actual operation of his motor vehicle that interfered with his safe operation of the motor vehicle in violation of C.G.S. 14-296aa(f).

6.     As a result of the collision, the plaintiff sustained injuries of a severe and

permanent nature and as a result of these injuries, the plaintiff has suffered and with

reasonable certainty will continue to suffer pain and mental anguish.  Upon medical

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT  06106
(860) 522-9248

130A Scott Road
Waterbury, CT  06705
(203) 753-4100

examination, it was determined that the plaintiff suffered from a hernia and injuries to his back, neck and such other injuries as are yet unknown.

      7.     From all of the injuries of the effects thereof, the plaintiff was rendered sore and disabled and is suffering, and will continue to suffer from pain, discomfort, emotional upset, limitation of motion and restriction of activity.

      8.     The plaintiff's injuries, or some of them, will be permanent in nature and/or permanently disabling.

      9.     As a further result of the collision, the plaintiff was forced to incur expenses for medical care and attention, x-rays, pharmaceuticals, etc. to the plaintiff's further loss and damage and it is reasonably probable that the plaintiff's injuries, or some of them, will require future medical treatment and expenditures.

      10.    As a further result of the collision, the plaintiff has lost sums of money and wages, salaries and earnings, and it is reasonably probable that the plaintiff will lose wages from employment in the future and that the plaintiff's future earning capacity will be impaired.

      11.    As a further result of the collision, the plaintiff's ability to pursue and enjoy life's activities has been reduced.

SECOND COUNT: NEGLIGENCE AS TO THE DEFENDANT, CHRISTENSON TRANSPORTATION, INC.

      1-11.   Paragraphs 1 through 11 of the First Count are hereby incorporated as Paragraphs 1 through 11 of this, the Second Count, as if fully set forth herein.

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT  06106
(860) 522-9248

130A Scott Road
Waterbury, CT  06705
(203) 753-4100

THIRD COUNT: COMMON LAW RECKLESSNESS: AS TO THE DEFENDANT: CEDRIC
GETER

    1-4.     Paragraphs 1 through 4 of the First Count are hereby incorporated as

Paragraphs 1 through 4 of this, the Third Count, as if fully set forth herein.

    5.     The collision and the resulting injuries, damages, and losses sustained by the

plaintiff were caused by the reckless misconduct of the defendant in that the defendant knew

or should have known that the defendant's conduct in following another motor vehicle too

closely while operating a commercial truck directly behind such motor vehicle would result in

a high degree of risk of serious harm and despite knowledge of that risk and the harm that

would result from such conduct, acted recklessly in one or more of the following respects:

    a.    IN THAT the defendant was inattentive and failed to keep a reasonable and
        proper lookout;

    b.    IN THAT the defendant failed to have his truck under proper and reasonable
        control;

    c.    IN THAT the defendant operated his truck at a greater rate of speed than the
        circumstances then and there existing warranted and/or failed to reduce the
        speed of her motor vehicle although reasonable care so required;

    d.    IN THAT the defendant operated his truck with defective or inadequate brakes
        or failed to apply the brakes in a timely manner;

    e.    IN THAT the defendant failed to avoid a collision by stopping, swerving,
        turning or otherwise maneuvering the vehicle;

    f.    IN THAT although it was practicable to do so, the defendant failed to bring his
        motor vehicle to a stop or turn said motor vehicle to the left or to the right to
        avoid a collision;

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT 06106
(860) 522-9248

130A Scott Road
Waterbury, CT 06705
(203) 753-4100

g.   IN THAT the defendant failed to make use of his senses and faculties;

h.   IN THAT the defendant failed to take reasonable precautions to avoid a collision;

i.   IN THAT the defendant failed to sound the horn or give any warning of his approach when reasonable care so required;

p.   IN THAT the defendant was operating her motor vehicle while using a hand held mobile device while either engaged in a telephone call and/or reading and/or sending a text message and/or reading and/or sending an email and/or using the internet;

q.   IN THAT the defendant operated the truck recklessly;

r.   IN THAT the defendant operated his truck while distracted;

s.   IN THAT the defendant operated his truck on said highway at a rate of speed greater than was reasonable, having regard to the width, traffic, use of the highway and weather conditions, in violation of C.G.S. §14-218a;

t.   IN THAT the defendant was speeding in violation of C.G.S. §14-219;

u.   IN THAT the defendant operated the motor vehicle recklessly in violation of C.G.S. §14-222;

v.   IN THAT the defendant was following the vehicle occupied by the plaintiff more closely than was reasonable and prudent having regard for the speed of such vehicles, the traffic upon and condition of the highway or roadway and weather conditions, in violation of C.G.S. §14-240d;

w.   IN THAT the defendant was following the vehicle occupied by the plaintiff more closely than was reasonable and prudent having regard for the speed of such vehicles, the traffic upon and condition of the highway or roadway and

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT  06106
(860) 522-9248

130A Scott Road
Waterbury, CT  06705
(203) 753-4100

weather conditions with intent to harass or intimidate, in violation of C.G.S. §14-240a;

x.    IN THAT the defendant operated the truck upon the highway while using a hand-held mobile telephone to engage in a call or while using a mobile electronic device while the vehicle was in motion in violation of C.G.S. §14-296aa(b); and

y.    IN THAT the defendant operated his truck upon the highway while engaged in other activities not related to the actual operation of his motor vehicle that interfered with his safe operation of the motor vehicle in violation of C.G.S. 14-296aa(f).

6-11.    Paragraphs 6 through 11 of the First Count are hereby incorporated as Paragraphs 6 through 11 of this, the Third Count, as if fully set forth herein.

12.    As a further result of the wrongful conduct of the defendant, and as a further result of the reckless misconduct of said defendant, as aforesaid, the plaintiff has incurred and will incur in the future attorneys' fees and costs for the preparation and prosecution of legal proceedings.

FOURTH COUNT: STATUTORY RECKLESSNESS: AS TO THE DEFENDANT: CEDRIC GETER

1-4.    Paragraphs 1 through 4 of the First Count are hereby incorporated as Paragraphs 1 through 4 of this, the Fourth Count, as if fully set forth herein.

5.    The defendant deliberately or with reckless disregard operated a motor vehicle in violation of one or more of the following sections of C.G.S. §14-295 and such violation(s) was a substantial factor in causing the collision and the injuries, damages, and losses sustained by the plaintiff:

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT 06106
(860) 522-9248

130A Scott Road
Waterbury, CT 06705
(203) 753-4100

    a.       IN THAT the defendant violated C.G.S. §14-218a;

    b.       IN THAT the defendant violated C.G.S. §14-219;

    c.       IN THAT the defendant violated C.G.S. §14-222; and

    d.       IN THAT the defendant violated C.G.S. §14-240a.

6-11.    Paragraphs 6 through 11 of the First Count are hereby incorporated as Paragraphs 6 through 11 of this, the Fourth Count, as if fully set forth herein.

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street                    130A Scott Road
Hartford, CT  06106            Waterbury, CT  06705
(860) 522-9248                (203) 753-4100

WHEREFORE THE PLAINTIFF CLAIMS:

A.    MONETARY DAMAGES;

B.    PUNITIVE DAMAGES, ATTORNEYS' FEES AND COSTS
      OF LITIGATION AS TO COUNT THREE;

C.    DOUBLE OR TREBLE DAMAGES PURSUANT TO
      C.G.S. §14-295 AS TO COUNT FOUR; AND

D.    SUCH FURTHER RELIEF AS THE COURT MAY DEEM JUST
      AND REASONABLE.

Dated in Bridgeport, Connecticut, this 7th day of November, 2019.

_____
Antonio A. Nunes
Trantolo & Trantolo, LLC
Juris Number: 438422

Please enter the appearance of:
Trantolo & Trantolo, LLC

_____
Antonio A. Nunes
Commissioner of the Superior Court

as attorneys for the plaintiff in the above matter.

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street
Hartford, CT  06106
(860) 522-9248

130A Scott Road
Waterbury, CT  06705
(203) 753-4100

DOCKET NO.: AAN-CV19-6035323-S     :   SUPERIOR COURT

ROBERT WOOLCOCK     :   J.D. OF ANSONIA -
            MILFORD

V.     :   AT MILFORD

CEDRIC GETER, ET AL., ET AL.     :   NOVEMBER 7, 2019

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is more than $15,000.00, exclusive of interest and costs.

Antonio A. Nunes
Trantolo & Trantolo, LLC
Juris Number: 064310

Trantolo & Trantolo, LLC
Juris No. 064310

50 Russ Street         130A Scott Road
Hartford, CT  06106         Waterbury, CT  06705
(860) 522-9248         (203) 753-4100

EXHIBIT B

**APPEARANCE**
JD-CL-12 Rev. 1-12
P.B. §§ 3-1 thru 3-6, 3-8, 10-13, 25A-2

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions** — *See Back/Page 2*

*Notice To Self-Represented Parties*
*A self-represented party is a person who represents himself or herself.* If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below:

| | |
|---|---|
| ☐ | I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below. |

| Return date |
|---|
| **Oct-08-2019** |
| Docket number |
| **AAN-CV-19-6035323-S** |

**Name of case** *(Full name of Plaintiff vs. Full name of Defendant)*

WOOLCOCK, ROBERT  v. GETER, CEDRIC Et Al

| ☒ | ☐ | ☐ | ☐ | Address of Court *(Number, street, town and zip code)* |
|---|---|---|---|---|
| Judicial District | Housing Session | Small Claims | Geographic Area number | **14 WEST RIVER STREET PO BOX 210 MILFORD, CT 06460** |

Scheduled Court date *(Criminal/Motor Vehicle Matters)*

## Please Enter the Appearance of

| Name of self-represented party *(See "Notice to Self-Represented Parties" at top)*, or name of official, firm, professional corporation, or individual attorney | Juris number of attorney or firm |
|---|---|
| **MORRISON MAHONEY LLP** | **404459** |

| **Mailing Address** *(Number, street) (Notice to attorneys and law firms - The address to which papers will be mailed from the court is the one registered or affiliated with your juris number. That address cannot be changed in this form.)* | Post office box | Telephone number *(Area code first)* |
|---|---|---|
| **ONE CONSTITUTION PLAZA 10TH FLOOR** | | **860-616-4441** |

| City/town | State | Zip code | Fax number *(Area code first)* | E-mail address |
|---|---|---|---|---|
| **HARTFORD** | **CT** | **06103** | **860-244-3800** | **ghall@morrisonmahoney.com** |

in the case named above for: *("x" one of the following parties; if this is a Family Matters case, also indicate the scope of your appearance)*

☐ The Plaintiff *(includes the person suing another person).*
☐ All Plaintiffs.
☐ The following Plaintiff(s) only: _____
☐ The Defendant *(includes the person being sued or charged with a crime).*
☐ The Defendant for the purpose of the bail hearing only *(in criminal and motor vehicle cases only).*
☒ All Defendants.
☐ The following Defendant(s) only: _____
☐ Other *(Specify):* _____
☐ This is a Family Matters case and my appearance is for: *("x" one or both)*

    ☐ matters in the Family Division of the Superior Court    ☐ Title IV-D Child Support matters

*Note: If other counsel or a self-represented party has already filed an appearance for the party or parties "x'd" above, put an "x" in box 1 or 2 below:*

1. ☐ This appearance is in place of the appearance of the following attorney, firm or self-represented party on file *(P.B. Sec. 3-8):* _____
                                        *(Name and Juris Number)*

2. ☐ This appearance is in addition to an appearance already on file.

| **I agree to accept papers (service) electronically in this case under Practice Book Section 10-13** | ☐ Yes | ☒ No |
|---|---|---|

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
|---|---|---|
| ▶ 414750 | **GINA MARIE HALL** | **Oct 08 2019** |

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* __Oct 08 2019__ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

| Name and address of each party and attorney that copy was mailed or delivered to* | For Court Use Only |
|---|---|
| **TRANTOLO AND TRANTOLO LLC - 944 FAIRFIELD AVENUE/BRIDGEPORT, CT 06605** | |

| Signed *(Signature of filer)* | Print or type name of person signing | Date signed | Telephone number |
|---|---|---|---|
| ▶ 414750 | **GINA MARIE HALL** | **Oct 08 2019** | **860-616-4441** |

*If necessary, attach an additional sheet or sheets with the name of each party and the address which the copy was mailed or delivered to.

Continuation of JDCL12 Appearance Form for AAN-CV-19-6035323-S

Submitted By MORRISON MAHONEY LLP (404459)

Additional Party(ies) (Continued from JDCL12)

**For these party(ies)**

Pty# D-01 CEDRIC GETER

Pty# D-02 CHRISTENSON TRANSPORTATION, INC.

***** End of Party List *****